## Case No. 4,817.

FISHER v. CRAIG et al.

[3 Sawy. 69; 1 Ban. & A. 365.][1]

Circuit Court, D. California. July 20, 1874.

[1] [Reported by L. S. B. Sawyer, Esq.; reprinted in 1 Ban. & A. 365; and here republished by permission.]

Benj. Morgan, for complainant.
M. A. Wheaton, for defendants.

SAWYER, Circuit Judge. This is a bill in equity to restrain the infringement of a patent. There has been much discussion on both sides, which, when we come to examine the case closely, seems to be irrelevant to the issues. The main question really is, as to whether the plaintiff's patent in certain particulars is patentable, or whether it has been anticipated by prior inventions. It is not always a question of which is the better machine that arises in a case for the infringement of a patent. The question, as in this case, often is, whether the part of the machine which is claimed to be infringed, as in the specifications claimed and as patented, is patentable.

Now, in order to ascertain that fact, it is necessary to scrutinize the patent, scrutinize the claim, and see what it is that is claimed and patented; because the party is confined to the claim he has made, and the patent which is granted.

A general, cursory view of a whole machine

affords very little aid in cases of this kind.

In the case of the Fisher patent, what are the claims made, and what are the points covered by the patent? Is there an infringement upon any of those points? Is the patentee the first inventor as to those particulars which he claims?

The patent sued upon is a reissue. There was a patent at first issued in which there was but one claim presented, and that claim is, substantially, the first in the reissued patent. The reissued patent covers three claims. The plaintiff must have had a patentable improvement in each one of those three particulars in order to be entitled to protection, as to each, and there must have been an infringement of one or the other, or all of those particulars, to entitle him to relief in this case. His first claim, which is substantially the same as in his first patent, is "the swivel-joint, nozzle and pipes, A, B, D, E. combined, as described, with the lever F working through slotted posts f, strap i, lever c, and pawl and ratchet j, k, for the purpose specified." The first claim is a combination of all these elements, these various parts working together in that form. There can be no pretence that there is any infringement of that claim, because there is not a combination of all of those parts found anywhere in the defendant's machine. And there must be the use of the entire combination, a combination of all the parts, in order to constitute an infringement. That this is the settled law, there can be no doubt. Carter v. Baker [Case No. 2,472]; Coolidge v. McCone [Id. 3,-186], and cases cited; Gould v. Rees, 15 Wall. [82 U. S.] 194. Now, all of these parts combined together are not found in the defendant's machine. Several of them are entirely omitted. There can be no pretense, therefore, that this claim is infringed, and I am not aware that it is so contended by complainant's counsel. In fact, counsel have not been very specific in pointing out in their briefs or in the oral argument, the precise claims the infringement of which they suppose has been established.

At the argument, I desired counsel to point out the specific claim infringed, and in what particulars they claimed that there had been an infringement. The argument has been very general on that side, and confined generally to the machine as a whole. I am not aware that they insist that this specific claim has been infringed. If they do, it is certainly very clear that such claim is without foundation.

The third claim is, "the levers C and F, in combination with section B and nozzle E, substantially as set forth." I am not aware that that particular claim is supposed to be infringed. It certainly is not, because that combination is not found in the defendant's machine, and it is a claim for a combination, and the combination is not there. There can be no possible pretense, therefore, that that claim is infringed. That disposes of two out of the three claims. There are but three in this patent. There was but one in the original patent, the first claim in the reissue being substantially the same as that in the original patent, and in the new or reissued patent the additional claims have been added.

Then, if there is any infringement at all, it must be of the second claim, and that claim is "The two curved sections A, B, connected by a horizontal swivel-joint, in combination with a nozzle, connected by a semi-universal joint, constructed and arranged substantially as set forth." That, then, is the combination. If there be any infringement of the patent, it is the infringement of that claim, and it is only necessary to examine that claim for the purpose of determining whether there is any feature of the machine covered by the claim that is properly patented, in view of all the facts, and whether there has been an infringement of that feature of the machine.

It is not claimed that this ball-and-socket joint in defendant's machine, or this knuckle or semi-cylindrical joint in complainant's, or that this swivel-joint in both, is new (illustrating by the models). It is not claimed that any one of these parts is new. The claim is, that this combination is new. If the combination which is embraced in this claim is not new, then the complainant is not entitled to a patent for that feature of the machine.

The defendants have set up in their answer that there has been an anticipation of this part of the plaintiff's machine, and among others, that the Allenwood machine is an anticipation. I would say, with reference to this joint in defendant's machine (showing) that it appears from the evidence to have been frequently used, prior to the issue of complainant's patent. This, in complainant's machine, is not a ball-and-socket joint. It is frequently called a knuckle-joint, and a semi-cylindrical joint: that is, instead of a ball and socket there is a section of a cylinder. A ball-and-socket joint has been frequently used in hydraulic mining machines. There are several prior patents in which it will be found. So the swivel-joints have been used in various forms before; that is manifest.

But this is not a claim for the use of any one of those alone, but for the combination. It is claimed that this Allenwood's machine is an anticipation of this particular combination. It is not claimed that it is in the same form precisely. Now, in this Allenwood machine is found this section here which corresponds to that section in complainant's machine; what Mr. Fisher calls the curved section A. That curved section is found in the Allenwood machine. This is the curved section B, as Mr. Fisher calls it in his machine, and this curved section, corresponding to curved section B, is found in this Allenwood machine.

The swivel-joint is here in Fisher's machine; the swivel-joint is here in the Allenwood, a prior machine. There are those

three parts, then, which enter into Mr. Fisher's combination, found in this Allenwood machine (showing). There is the nozzle in complainant's machine, and here is the nozzle in the other machine. There is a joint in the one, and here is a corresponding joint in the other machine, connecting the nozzle with the other parts of the machine: of course a different kind of joint, nevertheless a flexible joint. This nozzle, with this section coupled with some flexible material, such as india-rubber or canvas, or some such flexible substance which joins the two together, and which forms a joint so that the pipe with the nozzle can be operated vertically by elevating or depressing it.

This (showing) is called the Allenwood machine. It is prior in point of time, and it is owned by the defendants. Now, the Allenwood patent has four different claims, and it is an anticipation of the other in several particulars. First, there is "the combination of a discharge-pipe, provided with guides or diaphragms, and the elbow C, connected by a working-joint with the supply-pipe A, substantially as and for the purposes above specified." The second claim in the Allenwood patent is "the combination of two elbows, C and A, with the swiveling joint D." That, then, is precisely the same as the sections A and B in combination with the swivel-joint, in complainant's patent, and this combination is found in both machines; and if this combination described in Allenwood's second claim was patentable, that same combination in complainant's later machine, of course, must be an infringement upon it. Those are both swivel-joints, although of different construction. The third claim in the Allenwood is "the combination of the two working-joints, or couplings, D and R, with the discharge-pipe N, and supply-pipe A, by means of which both horizontal and vertical motions are obtained, substantially as and for the purposes specified." Then fourthly, he claims the combinations of all the parts constituting a new and improved machine.

Conceding this (showing), in the Allenwood machine to be a joint, it is only a different one from this in the Fisher machine; and Allenwood's third claim covers precisely the same parts and same combination of parts as are covered by Fisher's second claim, the only difference being in the material and the construction of the joints. This I will show by reading from the specifications in Mr. Fisher's patent:

"My improvement consists in such an arrangement of the pipe and nozzle that the nozzle can have both horizontal and vertical play through the medium of two moving water-tight joints, for the purpose of facing it to any desired point of the compass, without shutting off the water or stopping the work of the machine." That is precisely what this Allenwood machine does. It has two working-joints, one by which you obtain this horizontal motion, and the other a perpendicular or vertical motion. Now, Mr. Fisher says: "Heretofore this class of machines has been made with single joints, so that the discharge pipe will command only the half of a circle, but by using the two joints I can swivel the nozzle around to any point of the compass, and then command the same amount of circle with the nozzle as the ordinary ball-and-socket joint." He thus recognizes the fact that the ordinary ball-and-socket joint was in use for that purpose. By using this swivel-joint in combination with the curved sections, A, B (showing), he can get the horizontal motion, and by the other joint he can command the same arc of the circle vertically that he could with the ordinary ball-and-socket joint. Then he says: "I am aware that a discharge nozzle has been heretofore used by Jenkins W. Richards, of Michigan Bluffs, California, in which two joints were made for the purpose of throwing the stream in a circle, but his nozzle proved to be a failure when subjected to the practical test of hydraulic mining."

There is, then, this other machine (Richards), prior also in date to his, but the joints in that are both swivel-joints, and that, the testimony tended to show, did not prove a success; but I read this claim here to show what his idea is, with a view to explaining his combination. That before that time machines were made with one joint, so that the discharge-pipe would command only. half of a circle in one direction, but by using two joints he could "swivel the nozzle round to any point of the compass, and then command the same amount of circle with the nozzle as the ordinary ball-and-socket joint." Then in view of that, his second claim comes in: "The two curved sections, A, B,"—here they are in these two (Allenwood's and Fisher's) machines,—"connected by a horizontal swivel-joint, in combination with a nozzle;" —there (showing) they are in both machines —so far they are identical;—"connected by a semi-universal joint," which is there (showing); this in the Allenwood (showing), is a joint also, which is in the same relative position and answers the same purpose;—"constructed and arranged substantially as set forth." Now, then, all the elements,—these two sections, and these two joints, and the pipe,—are the same in both; all of those are combined in the two machines. They are arranged together relatively, in precisely the same places, and for the accomplishment of the same purposes, in substantially the same mode. This joint in Fisher's machine (showing) is simply a known mechanical substitute for that one in the Allenwood machine. It may be a better joint, and this doubtless is a better machine, and possibly in that respect may be patentable. I am not prepared, and it is not necessary now, to say whether it is or not; but you have all of the elements in the two machines, and combined in the same way and for the same purpose, and the latter

must, in this combination, be an infringement of the first; and if there is anything patentable in this (Fisher's machine) that does not exist in this (Allenwood's) in that combination, it is in the construction of this joint; because this (showing Fisher's) is a differently constructed joint from that (Allenwood's); that, if anything, is the only patentable thing in it. If you leave out of Fisher's claim the words "constructed and"—you have the same thing in both machines substantially: "The two curved sections, A, B, connected by a horizontal swivel-joint, in combination with a nozzle, connected by a semi-universal joint, arranged substantially as set forth." The construction of the joint is not claimed.

Now, the idea expressed in Fisher's claim is to make a combination of the two joints instead of one, with the supply pipe and the nozzle, and that is precisely the same as the idea expressed in Allenwood's third claim, and found embodied in his machine, and if there is any difference between the two claims, it is only in the mode of construction and in the material of the joints. But the idea of both claims is to have these five elements or parts combined. This machine, claimed to be an infringement (referring to defendants), has substantially the same combination of similar parts as the other two—complainant's and Allenwood's (showing). Here is the section which corresponds to this, and this to this. Here is the joint which corresponds to these two joints in the Fisher and Allenwood machines. Here is this part which corresponds to this portion. Here is a ball-and-socket joint instead of the semi-cylinder joint in complainant's machine, or instead of the flexible joint in Allenwood's. Now, then, if there is anything in Fisher's combination which is entitled to a patent over that (Allenwood's), it is because Fisher has substituted a better joint before known. It depends merely upon a different construction and material. In other words, a known mechanical substitute has been used in his machine in the place of one of the parts in Allenwood's, which performs the service better. But when we come to that, the defendants also constructed this joint (showing the infringing machine) differently from that of either Fisher's or Allenwood's. So that we have the same elements, the same parts and things combined, and the only difference is in the form or construction of one of the common parts used in the combination.

This, in the complainant's machine is a plain known mechanical substitute for that in the Allenwood machine, that is all, though it is differently constructed. If there is anything in that claim that can be patented, it is the form or construction of the joint, and this, defendant's joint (showing), does not contain that form or construction, but is only another well-known mechanical substitute for Allenwood's joint—a different known substitute for the same thing from that employed by complainant. It seems clear to me, when we come to analyze and compare the claims of the patents relative to these several machines, that the idea of the combination of the two last, complainant's and defendant's, is embraced in the prior one of Allenwood; and if there is any difference, it is in the form and construction of this joint; and if that is patentable, it is not embraced in the defendant's (the infringing) machine, because this is in a different form, differently constructed. In that respect, both of these joints in complainant's and defendant's machines are really but substitutes for this in Allenwood's. Defendant's is but a different known substitute from complainant's for that in Allenwood's machine. This, in defendant's, may be better or worse than that in complainant's, but it is only another known substitute for the same part, in Allenwood's machine. There may be an infringement by either upon that of Allenwood, and still be a better machine, or it may be a worse machine. It may be conceded, for the purpose of this decision, that Fisher used the same combination as Allenwood, and that it may yet have a patentable element in it; but if there is a patentable element in this combination, it is in the form and construction, by substituting a better known joint than this one of Allenwood's; but if so, that particular construction is not found in the defendant's implement. The Allenwood patent is owned by defendants, and is the first machine embracing the combination of the several parts. This, then, in my judgment, is a protection to the defendants in their use of this combination, in the form adopted by them.

My conclusion is, that the second claim in complainant's patent is the combination of these five elements, before mentioned, and that this combination is substantially in the Allenwood machine, the Fisher machine, and the Craig machine. Those five elements are in all, this Allenwood's being an anticipation of the complainant's machine. The latter in this particular is not a different machine, unless that difference consists in the construction of one of these parts. The patentability of it, if any exists, consists in that change in the construction of that joint. If that construction is the only thing patented, then this joint in defendant's machine has a different construction, although this joint is a known substitute for those in both the other machines (showing).

My judgment is that this Allenwood's invention is an anticipation of this machine, so far as this combination and claim is concerned, other than the form of construction, and protects the defendants in the use of this, which is of a different construction. If I am right in this, and that is the conclusion I have reached, after careful and thorough investigation of this case, there must be a decree for the defendants.

Those other combinations, covered by Fisher's patent, may still make the plaintiff's a

valuable invention, and it may be patentable in those particulars; but I do not think the defendant's machine an infringement of any patentable portion of that machine that is covered by any claim in the patent and specifications.

Decree for defendants, with costs.